**COMMONWEALTH OF MASSACHUSETTS**
**Plaintiff**
v.
**BONDED MOTORS OF STOUGHTON, INC., d/b/a BONDED DODGE, and William FEINBERG**
**Defendants**

**No. 120439**

Superior Court Department
Trial Court of the
Commonwealth of Massachusetts

**June 3, 1980**

**FINAL JUDGMENT**

It appears to the Court that the defendants have consented, in the

**Consent** attached hereto, to the entry of this **Final Judgment;** and the Court finds both subject matter jurisdiction, personal jurisdiction, and sufficient basis herein for the entry of judgement.

WHEREFORE, IT IS HEREBY ORDERED AND ADJUDGED:

1. The defendant Bonded Motors of Stoughton, Inc., d/b/a Bonded Dodge, (hereinafter "Bonded") is in civil contempt of the order of this Court entered June 2, 1977, and more specifically;

a) On seven occasions Bonded advertised motor vehicles for sale when those offers were not **bona fide** efforts to sell the advertised motor vehicles, in violation of paragraph 1 of the order of this Court;

b) On one occasion Bonded offered to sell a motor vehicle in violation of paragraph 2 of the order of this Court;

c) On four occasions Bonded represented that specific repairs had been made to a motor vehicle when, in fact, those repairs had not been made, in violation of paragraph 4 of the order of this Court;

d) Bonded repeatedly provided to consumer purchasers a written warranty which includes language which attempts to limit or avoid Bonded's implied warranties of merchantability and fitness for a particular purpose, in violation of paragraph 5 of the order of this Court; and

e) On two occasions Bonded failed to deliver motor vehicles at the express price included in its contracts unless the purchasers also agreed to purchase a "Preferred Customer Service Contract", in violation of paragraph 7 of the order of this Court.

2. Bonded shall pay a civil penalty of $3,000 for the violations of the order of the Court entered June 2, 1977, to the Commonwealth to be distributed by the Attorney General in his discretion to consumers injured by Bonded's contumacious conduct. Said penalty shall be paid by Bonded not later than fourteen days after the entry of this judgement to the Attorney General or his designee. If the total amount is not disbursed to consumers of the Commonwealth, the balance shall escheat to the Commonwealth of Massachusetts.

3. Bonded, its officers, agents, servants, and employees are permanently restrained and enjoined as follows:

a) From advertising offers to sell particular motor vehicles when the offers are not **bona fide** efforts to sell such advertised motor vehicles. This restraint includes, but is not limited to, advertising offers to sell particular motor vehicles and then:

(1) Refusing to show, demonstrate or sell the vehicle offered in accordance with the terms the offer; or

(2) Disparaging by acts or words the advertised vehicle; or

(3) Showing or demonstrating a vehicle which is defective, or unusable for normal highway driving; or

(4) Failing to disclose in the advertisement the specific quantity of the advertised motor vehicles which are available for sale; or

(5) Failing to have available at Bonded's usual place of business, at the time the advertisement is submitted for publication, the motor vehicle or motor vehicles advertised for sale in the quantity advertised and in the condition advertised, provided that, when an advertised vehicle is sold or becomes otherwise unavailable for sale, Bonded cancels further advertisements insofar as the periodical where the advertisement has been submitted permits cancellation.

This paragraph of the injunction shall not, however, be deemed to apply where the offer to sell states, or otherwise gives notice, that an advertised motor vehicle is not presently available in stock but must be ordered by Bonded.

b) From advertising offers to sell

particular motor vehicles which are known to Bonded to be unusable for normal highway driving or which, in the exercise of reasonable care should be known to Bonded to be unusable for normal highway driving.

c) From failing to indicate in writing on the bill of sale that a motor vehicle has been used as a police car, taxi cab, rental vehicle or leased vehicle, if Bonded knows that the motor vehicle has been so used, or if Bonded, in the exercise of reasonable care, should know that the motor vehicle has been so used.

d) From representing that specific repairs have been made to a motor vehicle when those repairs have in fact not been made or have not been completed.

e) From providing to any customer who purchases a motor vehicle from Bonded primarily for personal, family, or household use any written document which includes language which attempts to limit or avoid Bonded's implied warranty of merchantability or implied warranty of fitness for a particular purpose, including but not limited to the following language:

There are no warranties whatsoever, expressed or implied, with respect to the car or truck purchased by me beyond the description thereof, including any implied warranty of merchantability or fitness for a particular purpose (which warranties are hereby expressly disclaimed).

f) From providing to any customer who purchases a motor vehicle from Bonded primarily for personal, family, or household use any written warranty which fails to include the following notice in at least ten-point type or its equivalent, "THIS WARRANTY IS IN ADDITION TO THE IMPLIED WARRANTIES OF MERCH-ANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE."

g) From failing to perform or fulfill promises or obligations arising under any express warranty or the implied warranties of merchantability and fitness for a particular purpose in the sale of motor vehicles including, but not limited to:

(1) Failing to remedy promptly, at no cost to the purchaser, all defects, other than cosmetic defects, which the purchaser discovers within thirty (30) days of purchase; or

(2) Failing to refund promptly the full purchase price to the purchaser if Bonded is unable or unwilling to remedy, at no charge, defects, other than cosmetic defects, which the purchaser discovers within thirty (30) days of purchase, except where Bonded possesses facts on which to base a reasonable belief that the defects occurred through the fault of the purchaser; or

(3) Failing to remedy promptly, at no charge to the customer, any repairs performed by Bonded on the customer's vehicle which were not performed in a good and workmanlike manner in accordance with accepted trade standards.

The term "promptly" as used herein shall mean within ten days from the date the vehicle is delivered to Bonded, except where Bonded can show by clear and convincing evidence that a longer period of time is justified.

h) From failing to deliver motor vehicles pursuant to the express terms of Bonded's contracts unless the motor vehicle is stolen, lost, destroyed, or is otherwise unavailable through no willfull act of Bonded.

i) From failing to deliver motor vehicles at the express price included in Bonded's contracts of sale, except that:

(1) The price of a new vehicle may be increased in an amount equal to any price increase imposed by the manufacturer which is the result of a law or regulation of the United States or of the Commonwealth of Massachusetts which either requires the addition of new equipment to certain vehicles or

changes approved transportation costs or existing tax rates or, in the case of foreign-made vehicles, is due to a revaluation of the United States dollar; and

(2) A trade-in vehicle may be reappraised if Bonded has reason to believe that the vehicle has suffered any damages or serious mechanical deterioration prior to its delivery to Bonded; or if parts or accessories, including tires, have been removed from the vehicle or replaced with parts or accessories of inferior quality.

j) From requiring or imposing any additional purchase or charge as a condition of delivery of a motor vehicle after the purchaser has signed a contract for the sale of that motor vehicle.

k) From charging purchasers more than five dollars for procuring or assisting purchasers to procure certificates of title.

4. Under the terms and conditions set forth below, Bonded shall submit for binding arbitration those consumer complaints asserted against Bonded which have been filed with the Department of the Attorney General (hereinafter "the Attorney General") on or before six (6) months from the date of this order:

a) Consumer complaints are eligible to be submitted to binding arbitration if they are connected with the advertising, sale, lease or service by Bonded of a motor vehicle..

b) A consumer who is involved in a private lawsuit against Bonded is only permitted to submit his claim to binding arbitration if the lawsuit is voluntarily dismissed with prejudice pursuant to Rule 41 of the Massachusetts Rules of Civil Procedure.

c) Before a consumer complaint is eligible to be submitted to binding arbitration, Bonded and the consumer shall attempt to settle the complaint. If it cannot be settled, then a complaint shall be submitted to binding arbitration upon the written demand of the consumer, or upon the demand of Bonded with the consumer's written consent. A copy of the demand for arbitration which shall be used by a consumer to demand arbitration under this order is annexed hereto as **Exhibit A.** A copy of the demand for arbitration which shall be used by Bonded to demand arbitration under this order is annexed hereto as **Exhibit B.** The parties shall mail their demands to Thomas Murphy, Department of the Attorney General, Division of Consumer Protection, One Ashburton Place, Boston, Massachusetts 02108. A copy of each demand for arbitration shall be mailed to the consumer or Bonded, as the case may be. Bonded may not refuse to arbitrate a complaint.

d) All complaints which are submitted for binding arbitration shall be heard before the American Arbitration Association subject to any and all arrangements entered into by Bonded and the Attorney General with the American Arbitration Association.

e) All presentations to the arbitrator shall be oral; however, documents or written arguments may be submitted to the arbitrator by either party if a copy of each document or written argument is furnished to the other party at least seven (7) days prior to the date set for the hearing.

f) The arbitrator's findings shall be final and shall bind both Bonded and the consumer.

g) A finding against Bonded cannot be used in any action or proceeding as evidence of any wrongdoing by Bonded.

h) Bonded shall bear all of the costs assessed by the American Arbitration Association.

i) The Attorney General will not take further action on the complaint of any consumer against Bonded if the consumer refuses to submit his claim to binding arbitration as set forth in this order.

j) Each award by the arbitrator shall

be paid within thirty (30) days from the date Bonded receives notice of the award.

5. If the Attorney General receives any consumer complaint prior to one year after the effective date of this order which complaint establishes to the satisfaction of the Attorney General the following facts:

a) the consumer purchased a warranty or extended service contract on or before the effective date of this order; and

b) the consumer was led to believe the warranty or service contract was a required expense as a condition of obtaining financing or as a condition of purchasing a motor vehicle; and

c) the consumer has not exercised his or her rights under that warranty or service contract;

then, upon written demand by the Attorney General, Bonded shall forthwith cancel the warranty or service contract and refund the purchase price either in cash or, at Bonded's option, by reducing the balance due on any debt arising from the sale of a motor vehicle which is the subject of the warranty or service contract. Bonded may, in the alternative, submit the written demand to arbitration pursuant to the terms of paragraph 4, above, as long as arbitration hearings have not terminated. If the arbitrator finds the above-referenced facts by a preponderance of evidence, then Bonded shall cancel the warranty or service contract and refund the purchase price as provided above.

6. Within fourteen days from the effective date of this judgment Bonded shall provide to each of its officers, managers, salesmen, and mechanics a copy of paragraph 3 of this order and thereafter Bonded shall provide a copy of paragraph 3 to each additional officer, manager, salesman, and mechanic hired or otherwise employed by Bonded.

APPROVED AS TO FORM:          , J.

DATE:

## CONSENT

The defendant, Bonded Motors of Stoughton, Inc., d/b/a Bonded Dodge, admits the continuing jurisdiction of the Superior Court Department of the Trial Court as to the personal and subject matter jurisdiction of this action, and hereby consents to the entry of a Final Judgment in the form attached hereto. In so consenting, the defendant has personally read and understands each of the numbered paragraphs in the judgment.

The defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Massachusetts Rules of Civil Procedure.

The defendant understands that the restrictions set forth in the foregoing judgment applies to individual corporate officers as well as all other agents or employees subject to its terms. The defendant further understands that any violation of this judgment may result in its being adjudged in contempt of court as well as corporate officers or employees responsible for corporate compliance.

ASSENTED TO, WAIVING ALL RIGHTS OF APPEAL:

BONDED MOTORS OF STOUGHTON, INC.

d/b/a BONDED DODGE

**William Feinberg**
**Treasurer, General Manager**
**and Co-owner**

## EXHIBIT A
## CONSUMER DEMAND FOR BINDING ARBITRATION

I,                    , do hereby make demand that my complaint against Bonded Dodge which is filed with the Attorney General be submitted to binding arbitration pursuant to the terms and conditions of the **Final Judgment** which was entered by the

Court on

I understand that my complaint will be heard before the American Arbitration Association, who will notify me of the time, date, and place of hearing. At the hearing, I will be expected to tell my side of the story, and I may give the arbitrator documents or other written evidence to support my claim as long as copies have been delivered to Bonded at least seven days before the date of the hearing. Bonded is similarly required to deliver its written evidence to me at least seven days before the date of the hearing.

The arbitrator's decision shall be final and binding upon both me and Bonded; and an award by the arbitrator in my favor will be paid to me within 30 days from the date of the arbitrator's decision. A finding against Bonded cannot be used in any court as evidence of any wrongdoing and, if I have filed a private lawsuit against Bonded, I must dismiss it with prejudice (and thus, I can never bring suit) in order to be eligible to submit my complaint to arbitration.

## EXHIBIT B
## BONDED'S DEMAND FOR BINDING ARBITRATION

I,              , on behalf of Bonded Motors of Stoughton, Inc., do hereby make demand that the complaint of          , which is filed with the Attorney General, be submitted to binding arbitration pursuant to the terms and conditions of the **Final Judgment** which was entered by the court on

**Authorized Representative of Bonded Motors of Stoughton, Inc.**

## NOTICE TO CONSUMER

Your complaint will be heard before the American Arbitration Association who will notify you of the time, date, and place of the hearing. At the hearing, you will be expected to tell your side of the story; and you may give the arbitrator documents or other written evidence to support your claim so long as copies have been delivered to Bonded at least seven days before the date of the hearing. Bonded is similarly required to deliver its written evidence to you at least seven days before the date of the hearing.

The arbitrator's decision shall be final and binding upon both of us; and an award in your favor will be paid by Bonded within 30 days from the date of the arbitrator's decision. A finding against Bonded cannot be used in any court as evidence of any wrongdoing, and, if you filed a private lawsuit against Bonded, it must be dismissed with prejudice (and thus, you can never bring suit) in order to be eligible to submit your complaint to arbitration.

**If you refuse to participate in this arbitration, the Attorney General will take no further action regarding your grievance; however, you are entitled to hire a private attorney or go to Small Claims Court to pursue your claim.**

If you wish to participate in this arbitration, please sign your name in the space provided to indicate your assent. Within the next two weeks, mail this original to Thomas Murphy, Department of the Attorney General, One Ashburton Place, Boston, MA 02108; and mail a copy to Bonded Motors of Stoughton, Inc., 955 Turnpike Street, Canton, MA 02021. You should also keep a copy for your records.

I accept the terms of this Demand and agree to arbitrate my claim as provided above.

Counsel of Record
Robert Cohen, Assistant Attorney General, Plaintiff
Richard M. Gelb, Jill P. Kaste, Charles Mulcahy, Defendant